FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 27, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PAUL N., | No. 2:20-CV-0120-JTR |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 16, 18. Attorney Dana C. Madsen represents Paul N. (Plaintiff); Special Assistant United States Attorney Benjamin J. Groebner represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 8. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income in July 2017, alleging disability since August 1, 2014, due to "Herniated disc–L5" and "Hole in left eye–around optical nerve." Tr. 187, 215. Plaintiff's disability onset date was amended to July 10, 2017 at the administrative hearings. Tr. 36, 606, 608. The application was denied initially and upon reconsideration. Administrative Law Judge (ALJ) Donna L. Walker held hearings on October 10, 2018, Tr. 604-619,

and March 13, 2019, Tr. 34-53, and issued an unfavorable decision on April 1, 2019, Tr. 16-27.  The Appeals Council denied Plaintiff's request for review on February 6, 2020.  Tr. 1-6.  The ALJ's April 2019 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on March 25, 2020.  ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born on September 10, 1979, Tr. 187, and was 37 years old on the amended alleged disability onset date, July 10, 2017, Tr. 36.  He finished high school and completed an aerospace manufacturing program at Spokane Community College in 2015.  Tr. 38, 216.  Plaintiff's disability report indicates he stopped working on August 1, 2014 because of his conditions.  Tr. 215.

Plaintiff testified at the administrative hearing on October 10, 2018, that he was not capable of working because of back pain, and the medications he took for his pain caused him to be sleepy, dizzy, tired, and groggy.  Tr. 616.  He stated he had to lie down and rest five hours a day.  Tr. 616.  At the March 13, 2019 administrative hearing, Plaintiff testified his condition was "getting a little worse," and he was now experiencing numbness in his right leg.  Tr. 41.  He stated he had to lie down five times a day, for a total of four hours.  Tr. 41.  Plaintiff testified back surgery was an option, but he had to first lose 30 pounds.  Tr. 41-42.  He indicated he could walk three-fourths of a mile, stand for about four hours, sit for about four hours, and lift and carry only one pound.  Tr. 42-43.  Plaintiff stated he lived with his parents and did not grocery shop, vacuum or do the laundry.  Tr. 43.  He testified he could cook, but could not stand very long, and was able to drive, but not very far before his foot and leg would go numb.  Tr. 43.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035,

1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and

(2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-1194 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On April 1, 2019, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since July 10, 2017, the amended alleged onset date. Tr. 18.

At step two, the ALJ determined Plaintiff had the severe impairments of degenerative disc disease of the lumbar spine and obesity. Tr. 18.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 19.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found Plaintiff could perform light exertion level work with the following limitations: his ability to stand and/or walk is limited to no more than 4 hours in an 8-hour day with an accommodation for a sit/stand option; he has the ability to use his feet continuously (defined as over 2/3 of the workday); he has the ability to occasionally (defined as up to 2/3 of the workday) stoop, and continuously climb ramps or stairs, crawl, stoop (i.e., bend at the waist), kneel, crouch (i.e., bend at the knees), or climb ladders, ropes or scaffolds; he has no limitations regarding the use of his hands and reaching in all directions, including overhead; and he has no limitations regarding the ability to see, hear or communicate or regarding the environment. Tr. 21.

At step four, the ALJ found Plaintiff has no past relevant work. Tr. 25.

At step five, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and

RFC, Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy, including the jobs of merchandise marker, grain picker, and labeler. Tr. 25-26. The ALJ indicated that even if she had found Plaintiff limited to sedentary work, instead of light, he would still be capable of performing the jobs of toy stuffer and telemarketer. Tr. 26.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from July 10, 2017, the amended alleged onset date, through the date of the ALJ's decision, April 1, 2019. Tr. 26-27.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff raises the following issues for the Court's review: (1) Did the ALJ err by not finding that Plaintiff equaled the listings according to Social Security regulations and according to judicial precedent?; (2) Are the errors harmless?; and (3) What is the proper remedy? ECF No. 16 at 14.

## DISCUSSION

Plaintiff argues the ALJ erred by finding his impairments did not equal Listing 1.04A despite the testimony of the medical expert in this case. ECF No. 16 at 14-18. Defendant responds that the ALJ reasonably discounted the medical expert's testimony and concluded that Plaintiff's impairments did not equal the requirements of Listing 1.04A. ECF No. 18 at 2-9.

Listing 1.04A (Disorders of the spine) requires "[e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is

///

involvement of the lower back, positive straight-leg raising test (sitting and supine)." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04A.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. § 416.920c. The new regulations provide the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources. 20 C.F.R. § 416.920c(a). Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an acceptable medical source. 20 C.F.R. § 416.920c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). *Id.* The regulations make clear that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how she considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920a(b). The ALJ may explain how she considered the other factors, but the ALJ is not required to, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations as follows:

> (1) *Supportability*. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical

finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c).

Robert Thompson, M.D., an orthopedic surgeon testifying as a medical expert at the October 10, 2018 administrative hearing opined "the evidence probably does equal [Listing] 1.04, paragraph A from the July 2017 date," given "the objective evidence of the definite herniated disc with ongoing nerve root irritation sufficient to weaken the leg [and the] reduced range of motion." Tr. 613. Dr. Thompson testified "it's more probable than not that he will deteriorate in the future, not get better." Tr. 615.

The ALJ indicated at the March 13, 2019 administrative hearing that she did not agree with Dr. Thompson's testimony, so she sent Plaintiff for a consultative evaluation. Tr. 36. The ALJ's decision indicates that two examinations performed after the hearing suggested Plaintiff had some functional limitations; however, when considering the record as a whole, including straight leg raise test results and Plaintiff's activities of daily living, she did not find Dr. Thompson's opinion persuasive. Tr. 20.

The ALJ indicated Dr. Thompson's opinion was not consistent with the evidence of record. The ALJ mentioned that while there were records of positive straight leg raise tests, Tr. 454, 463, 466, 473, the longitudinal record was replete with negative straight leg raise test results, Tr. 396, 401, 403, 406, 409, 412, 413, 415, 485, 493, 520, 536, 580. Tr. 20. Furthermore, the ALJ indicated Plaintiff's activities of daily living were not consistent with Dr. Thompson's equivalence opinion. Tr. 20, 22-23 (noting Plaintiff has reported no problems with personal

care, the ability to prepare simple meals, laundry, some cleaning, drive (even though he states he cannot legally drive because of pain medications), shop, handle his own finances, build plastic models, get along with others, use the computer, cook for his daughter (although it hurts to stand for long periods), vacuum and mow the lawn (although it is difficult for him), and do wood working).

With respect to supportability, the ALJ indicated the consultative examiner described poor effort on range of motion testing in November 2018, Tr. 581, which seemed to contradict the findings of significantly reduced range of motion noted on the DSHS exam, Tr. 502, which Dr. Thompson used as a point of reference, Tr. 612. Tr. 20.  In addition, the ALJ noted that although Dr. Thompson testified the disc bulge at L1-2 was a sign of increasing pathology, Tr. 614, it was described as "mild" and the most significant finding at L5-S1 had improved, Tr. 451.  Tr. 20.

Furthermore, medical professionals A. Peter Weir, M.D. (discussed below), Tr. 578-589, Greg Saue, M.D., Tr. 76-78, and Rogelio Cantu, PAC, Tr. 501, found Plaintiff's impairments did not prevent him from performing work.  Tr. 23-25.

The ALJ's findings with respect to the supportability and consistency of Dr. Thompson's opinions are supported by substantial evidence.  The Court thus finds the ALJ's conclusion that Dr. Thompson's equivalence opinion was not persuasive is properly supported.

On November 11, 2018, Dr. Weir completed an evaluation of Plaintiff.  Tr. 578-589.  Dr. Weir noted the straight leg raising test was negative bilaterally both seated and supine, Tr. 580, Plaintiff was able to sit comfortably throughout the interview and examination, and he was easily able to remove and replace his shoes and socks, arise from a chair, and return to a sitting position, Tr. 581.  Plaintiff was observed to move about easily without obvious discomfort and ambulate at an average pace with a limp favoring the right leg.  Tr. 581.  Dr. Weir indicated Plaintiff exhibited poor effort during the range of motion testing.  Tr. 581.  While he found Plaintiff's postural activities were restricted (occasionally), Dr. Weir

opined Plaintiff could stand and/or walk for about four hours in an eight hour day, sit for about six hours in an eight hour day, and lift and/or carry 20 pounds occasionally and 10 pounds frequently. Tr. 581-582.

The ALJ determined Dr. Weir's report was "persuasive." Tr. 23.

Plaintiff argues Dr. Weir's report does not constitute substantial evidence because Dr. Weir did not review all of the medical evidence and did not give an opinion as to whether Plaintiff met or equaled a listing. ECF No. 16 at 18.

Defendant responds that Plaintiff did not explain how additional records might have changed Dr. Weir's opinion, and, in any event, the ALJ reviewed the record as a whole, compared Dr. Weir's findings on examination, and found Dr. Weir's opinion persuasive. ECF No. 18 at 7-8.

There is no requirement that the ALJ provide "sufficient reasons" for according weight to a medical professional, rather the Court reviews whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). The Court nonetheless finds the ALJ properly assessed the persuasiveness of Dr. Weir and did not err by crediting his opinions.

Based on the foregoing, the ALJ's evaluation of the medical opinion evidence is supported by substantial evidence, and the evidence of record supports the ALJ's finding at step three with respect to Listing 1.04A. There has been no showing that Plaintiff meets or equals the requirements of Listing 1.04A.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of error. Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 18**, is **GRANTED**.

///

2. Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED May 27, 2021.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE